UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN BAZAN,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 2:26-cv-01094-TMC

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Self-represented Petitioner Juan Bazan is a native and citizen of Mexico who has lived in the United States since at least 1976. Dkt. 7 ¶ 3. In February 2024, as Bazan was finishing a prison sentence for arson, he was placed in removal proceedings and transferred to immigration detention. He has now been in detention for more than two years. *Id.* ¶¶ 8–9. In April 2025, an Immigration Judge ("IJ") denied Bazan's request for bond after finding him to be a danger to the community or a flight risk. Dkt. 8-3.

In June 2025, the Department of Homeland Security (DHS) notified the immigration court that Bazan was a member of the *Franco-Gonzalez* class of plaintiffs, entitling him to additional procedural protections in his removal proceedings due to his mental health conditions. Dkt. 8-5 at 2; *see Franco-Gonzalez v. Holder*, No. CV-10-02211, 2014 WL 5475097 (C.D. Cal.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 1

Oct. 29, 2014). The immigration court appointed a qualified representative to represent Bazan in his removal proceedings and granted additional accommodations for his removal hearing. *See* Dkt. 8-5 at 2–3. In his removal hearing, the IJ found that Bazan testified credibly, but the IJ concluded that Bazan's conviction for arson of an inhabited dwelling was a particularly serious crime that made him ineligible for asylum or withholding of removal under the INA or the Convention Against Torture ("CAT"). *Id.* at 4. The IJ also denied deferral of removal under CAT after finding that despite the troubling treatment of individuals with mental illness in Mexico, Bazan had not shown he was likely to be tortured. *Id.* at 7. The IJ ordered Bazan removed to Mexico, and Bazan appealed that decision to the Board of Immigration Appeals. Dkt. 7 ¶¶ 20–21. That appeal remains pending. *Id.* ¶ 21.

Bazan has now filed a petition for writ of habeas corpus, arguing that his detention at the Northwest ICE Processing Center has become indefinite in violation of his constitutional right to due process. Dkt. 1. Respondents oppose his petition, arguing that he is subject to mandatory detention under 8 U.S.C. § 1225(b) and that his detention has not become unconstitutionally prolonged. Dkt. 6. For the reasons explained below, Bazan's petition is GRANTED IN PART and DENIED IN PART. The record demonstrates that Respondents have detained Bazan under 8 U.S.C. § 1226(a) and he is not subject to mandatory detention. He therefore may request a custody redetermination hearing if he believes he can show changed circumstances that warrant his release on bond, and as a *Franco-Gonzalez* class member, he is entitled to additional protections in that bond hearing. Under binding Ninth Circuit precedent, however, the length of Bazan's detention does not warrant additional procedures or his release.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 2

preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III.    DISCUSSION

#### A.    Petitioner is detained under 8 U.S.C. § 1226(a).

Respondents first argue that Bazan's habeas petition should be denied because he is subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. 6 at 5–7. This argument is plainly unsupported by the record. Respondents have provided a copy of the IJ's order from Bazan's most recent bond hearing in April 2025. Dkt. 8-3. That document states on its face that the IJ was conducting a hearing based on Bazan's request "for a change in the respondent's custody status under" § 1226 (the provision governing discretionary detention), and the IJ did *not* find that she lacked jurisdiction because Bazan was mandatorily detained. *See id.* Instead, the IJ denied bond based on a finding of flight risk or danger to the community. *Id.* at 3. As shown by the document that governs his current detention, Bazan is subject only to discretionary detention under § 1226(a). He is also likely a *Rodriguez Vazquez* class member, as he entered the United States decades ago, was not apprehended upon arrival, and Respondents have not sought his detention under § 1226(c), § 1225(b)(1), or § 1231. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025).

#### B.    Petitioner may request a new bond hearing but is not entitled to additional relief.

Because Bazan is subject only to discretionary detention, he may request a custody redetermination if he believes he can show changed circumstances that would entitle him to bond. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (noting that the "procedural protections" of § 1226(a) include "the right to seek a new hearing when

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 3

circumstances materially change") (citing 8 C.F.R. §§ 236.1, 1003.19). And because the immigration court has recognized Bazan as a *Franco-Gonzalez* class member, *see* Dkt. 8-5 at 2, any custody redetermination hearing must comply with the permanent injunction entered in that litigation. *See Franco-Gonzalez v. Holder*, No. CV-10-02211, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014). But beyond that, the Ninth Circuit has held that the Due Process Clause does not entitle those detained under § 1226(a) to an additional bond hearing with greater procedural protections once their detention has become prolonged. *Rodriguez Diaz*, 53 F.4th at 1213–14. The Court therefore cannot grant Bazan a different type of bond hearing or order his release.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED IN PART and DENIED IN PART.

2.    Petitioner Juan Bazan is subject to discretionary detention under 8 U.S.C. § 1226(a).

3.    Within fourteen days of receiving Bazan's request for a bond hearing under 8 U.S.C. § 1226(a) based on changed circumstances, Respondents must either release him or provide him that hearing.

4.    Any bond hearing must provide Bazan with the protections to which he is entitled as a *Franco-Gonzalez* class member.

5.    Bazan's pending motions for appointment of counsel and for a temporary restraining order (Dkts. 10, 13) are DENIED as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 4